RHINE’S MOTION.
On the claimants Motion.
The case was tried at the last term, and is reported in 14 G. Gis. B., 268. A. motion, for a new trial is now made on various (/rounds.
I. A new trial will not be allowed on tho’expectation that a more elaborate discussion may lead to a different result.
II. A new trial will not be allowed because the court omitted to find a fact which, if proven and found, would not control other evidence in the ease.
The Reporters’ statement of the case:
The claimant’s motion is set forth in the opinion of the court.
Mr. Leivis Abraham for the motion.
Like Payan’s Case (ante), in which the opinion has just been read, this case was heard and decided at the last term. Unlike that case, an opinion was given mainly on the facts, which, with the facts, will be found in the 14th vol. O. Ols. R., 268.
As in that case so in this, the claimant was dissatisfied with the judgment of the court and moved for a new trial. The motion was filed on the 12th of May last, before the promulgation of the new rule respecting new trials, and is as follows:
“IN THE UNITED STATES COURT OF CLAIMS.
“ Comes now the plaintiff and moves the court to set aside the judgment rendered in this cause, and to grant a rehearing therein, and for cause thereof now here shows to the court the following:
“ I. The court erred in its finding of facts in said cause, and in the conclusion of law founded thereon.
“ II. The court erred in finding that the firm of A. & S. Rhine was not the owner of any of the parcels of cotton described in said petition, except the parcel purchased of Mrs. Record.
“III. The preponderance of the testimony is in favor of the claimant on all material points, and the court erred in diregard-ing such testimony.
“ IY. The court erred in ignoring the testimony, which showed that the defendant had paid the freight to New Orleans on claimant’s cotton after it had come into its possession, and in omitting to find such to be the fact.
The present rule respecting new trials and the order respecting the then pending motions for new trials, which is recited in the opinion in Payan’s Case, were both promulgated in open court on the 16th of June last. On that day Mr. Abraham was present in court, and his attention was called to the order by the chief justice. Service of the order was also made by the clerk in the manner required by it.
*61 On tbe opening of tbe present term, tbe motion appearing to be still on tbe law-docket, and not to have been reformed in conformity with tbe order of tbe court, and Mr. Abrabam being pres-entin court, tbe chief justice announced that tbe claimant would be allowed until tbe first Monday in tbe present January to cure tbe defects in bis motion, and to bring it witbin tbe requirements of tbe statute, and that tbe motion would then be disposed of. Tbe chief justice also then requested Mr. Abrabam to communicate these facts to Colonel Clarke.
At tbe- expiration of tbe extension thus granted, tbe claimant’s motion not having been reformed, and no affidavits being-filed, and no supporting evidence offered, and no person appearing for tbe claimant in support of it, tbe court took tbe papers for consideration. No foundation for granting a new trial is laid by tbe motion, either under tbe statute or under tbe rules of tbe common law as expounded by tbe court in ¡Silvey’s Case (7 C. Cls. R., 30S), or under the existing- rules of court, nor is it signed by tbe attorney of record as required by tbe rule (Art. IY, § 2), nor is it suported by proof. Tbe counsel who tried the case, and wbo sign tbe motion, perhaps not unnaturally, do not agree -with tbe court as to tbe weight of evidence; but it is obvious, as we bad occasion to remark in Calhoun's Case (14 C. Cls. R., 197), that in every trial of disputed facts there must be a losing party, and that party may honestly think that tbe preponderance of testimony is in bis favor. We thought otherwise at tbe trial, and subsequent reflection confirms us in our opinion.- We do. not think that, should tbe elaborate and able discussion which took place at tbe trial be renewed in a form even more elaborate and more able, we should change our views as to tbe weight of tbe evidence. There must be an end Of discussion somewhere. We think that end is now reached in this case in this court on tbe evidence as it stands.
Tbe counsel suggest, at tbe close of tbe fourth paragraph of tbe motion, that we have omitted to find an alleged fact as to tbe payment of freight. This cir cu mstance, if a fact and proved, would not control other evidence so as to induce us to change our views; but even if it were, we might say that, tbe claimant having made no request to have such fact found, it is too late to ask us to open tbe record and examine tbe evidence in order to ascertain whether such fact is proved, and whether, if proved, it is material.
Tbe motion is disallowed.